Marion Superior Court 5

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | |

| | |
|---|---|
| JONATHAN CIESIELSKI and | ) CAUSE NO. _____ |
| JENNIFER CIESIELSKI | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CLAIRE HICKEY, SCHNEIDER | ) |
| NATIONAL CARRIERS, INC., and | ) |
| EDWARD MORRISON | ) |
| | ) |
| Defendants. | ) |

> ## SUMMONS
>
> **THE STATE OF INDIANA TO THE DEFENDANT:**
>
> Schneider National Carriers, Inc.
> 3101 South Packerland Drive
> Green Bay, Wisconsin 54313

**You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.**

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiffs have made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely confirmation that the SUMMONS and COMPLAINT were previously left with you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date when the SUMMONS and COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first receive the SUMMONS and COMPLAINT by first class mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiffs within the times prescribed herein, judgment may be entered against you for what the Plaintiff demanded.

If you have a claim against the Plaintiffs arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated: **by Certified Mail Return Receipt Requested**.

**Attorney for Plaintiffs:**                                                          2/9/2022

David M. Cox IV
Ind. Atty. No.: 31272-45
8792 East Ridge Road, Suite C
Hobart, Indiana 46342
Telephone No.: (219) 225-5769

_____
**Myla Eldridge                          Date**
**Clerk of the Marion Circuit and Superior Courts**

**By:** *Myla A. Eldridge*
_____
**Deputy Clerk**

*Exhibit A*

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20____, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, _____by _____mail, requesting a return receipt, at the address furnished by the Plaintiff(s).

Honorable Lorenzo Arredondo
Clerk of the Lake Circuit and Superior Courts

Dated: _____, 20____. By: _____
Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____was accepted by The Defendant on the _____ day of _____, 20_____.

Honorable Lorenzo Arredondo
Clerk of the Lake Circuit and Superior Courts

Dated: _____, 20_____. By: _____
Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, 20_____, a copy of this SUMMONS, a copy of the COMPLAINT, and all other materials filed the same date to the within named person(s).

2. By leaving on _____, 20____, for the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____in _____, California, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, by mailing a copy of the SUMMONS without the COMPLAINT to the named person(s) at the address listed herein.

3. The SUMMONS came to hand this date, _____20_____. The within named_____ was not found in my bailiwick this date, _____, 20_____.
   **ALL DONE IN _____COUNTY,_____.**

**SHERIFF OF _____COUNTY, _____**

**BY: _____**

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT, and all materials filed the same dated attached thereto were received by me at _____in _____, Indiana on this date, _____, 20____.

Signature of Defendant _____

2

STATE OF INDIANA       )       IN THE MARION SUPERIOR COURT 5
                  ) SS:
COUNTY OF MARION     )       CAUSE NO. 49D05-2202-CT-004172

| | |
|---|---|
| JONATHAN CIESIELSKI and | ) |
| JENNIFER CIESIELSKI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CLAIRE HICKEY, | ) |
| SCHNEIDER NATIONAL CARRIERS, INC., and | ) |
| EDWARD MORRISON, | ) |
| | ) |
| Defendants. | ) |

## **E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE**

1. The party on whose behalf this form is being filed is:
   Initiating _____    Responding __X__    Intervening _____; and the
   undersigned attorney and all attorneys listed on this form now appear in
   this case for the following parties:

   Name of party:    **Claire Hickey**_____

   Address of party:  **9801 South Springfield Avenue**_____
                            **Evergreen Park, IL 60805-3358**_____

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name:  **Daniel M. Witte, TRAVELERS STAFF COUNSEL INDIANA**_____

   Atty Number: **18957-49**_____

   Address:  **280 East 96th Street, Suite 325, Indianapolis, IN 46240**

   Mailing Address:  **P. O. Box 64093, St. Paul, MN 55164-0093**

   Phone:    **(317) 818-5121**_____

   FAX:       **(317) 818-5124**_____

1

Email Address:  **dwitte@travelers.com**

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(B) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  This is a <u>civil</u> case type as defined in administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes _____ No _X

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _X

The party shall use the following address for purposes of legal service:

_____     Attorney's address

_____     The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov)**.

_____     Another address (provide)

This case involves a petition for involuntary commitment.  Yes _____ No _X

6.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.  Name of the individual subject to the petition for involuntary
    commitment if it is not already provided in #1 above:
    _____

b.  State of Residence of person subject to petition: _____

c.  At least one of the following pieces of identifying information:

    (i)   Date of Birth _____

    (ii)  Driver's License Number _____

          State where issued _____ Expiration date _____

    (iii) State ID number _____

          State where issued _____ Expiration date _____

    (iv)  FBI number _____

    (v)   Indiana Department of Corrections Number
          _____

    (vi)  Social Security Number is available and is being provided in an
          attached confidential document Yes ____ No ___

7.  There are related cases: Yes ____ No _X_

8.  Additional information required by local rule:
    _____

9.  There are other party members: Yes ____ No ____

10. This form has been served on all other parties and Certificate of Service
    is attached:  Yes _X_ No ___

Respectfully submitted,

**TRAVELERS STAFF COUNSEL INDIANA**

By:   */s/ Daniel M. Witte*_____
      Daniel M. Witte, 18957-49

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically using the Indiana E-Filing System (IEFS) and served upon the following persons via IEFS on **February 17, 2022**:

David M. Cox IV
COX LAW OFFICE

I further certify that the foregoing document was served upon the following persons via first class U.S. mail, postage pre-paid, on **February 17, 2022**:

Schneider National Carriers, Inc.
3101 South Packerland Drive
Green Bay, WI 54313

Edward Morris
615 MacFarlane Street
Mexico, MO 65265

By:   */s/ Daniel M. Witte*
Daniel M. Witte, 18957-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325, Indianapolis, IN 46240
***Mailing Address:*** P. O. Box 64093, St. Paul, MN 55164-0093
PH (317) 818-5121
FX (317) 818-5124
dwitte@travelers.com

DMW:gb

4

Filed: 3/9/2022 2:19 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | )<br>) SS: | MARION SUPERIOR COURT |
| COUNTY OF MARION | ) | CAUSE NO.: 49D05-2202-CT-004172 |

JONATHAN CIESIELSKI and )
JENNIFER CIESIELSKI, )
         )
      Plaintiffs, )
         )
      vs. )
         )
CLAIRE HICKEY, SCHNEIDER )
NATIONAL CARRIERS, INC. and )
EDWARD MORRISON, )
         )
      Defendants. )

## E-FILING APPEARANCE BY ATTORNEYS IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.    The party on whose behalf this form is being filed is:

Initiating **___**    Responding **X**    Intervening ____; and

the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties: **Edward Morrison and Schneider National Carriers, Inc.**

Name of party: **Defendants**

Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

_____
_____
Telephone # of party _____

*(List on a continuation page additional parties this attorney represents in this case.)*

2.  Attorney information for service as required by Trial Rule 5(B)(2)

      Renea E. Hooper, Attorney No.: 26629-45
      Scopelitis Garvin Light Hanson & Feary, P.C.
      10 W. Market Street, Suite 1400
      Indianapolis, IN 46204
      Phone: (317) 637-1777
      Fax: (317) 687-2414
      e-mail: rhooper@scopelitis.com

Paul D. Root, Attorney No.:  31489-49
Scopelitis Garvin Light Hanson & Feary, P.C.
10 W. Market Street, Suite 1400
Indianapolis, IN  46204
Phone: (317) 637-1777
Fax: (317) 687-2414
e-mail: proot@scopelitis.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)    **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  This is a <u>CT</u> case type as defined in administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes _____ No **X** *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No **X** *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:
    _____    Attorney's address
    _____    The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).
    _____    Another address (provide)
    _____

6.  This case involves a petition for involuntary commitment.  Yes _____ No **X**

2

If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

    a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
       _____

    b.  State of Residence of person subject to petition: _____

    c.  At least one of the following pieces of identifying information:

        (i)   Date of Birth _____

        (ii)  Driver's License Number _____
             State where issued _____ Expiration date _____

        (iii) State ID number _____
             State where issued _____ Expiration date _____

        (iv) FBI number _____

        (v)  Indiana Department of Corrections Number _____

        (vi) Social Security Number is available and is being provided in an attached confidential document Yes \_\_\_\_ No \_\_\_\_

7.  There are related cases: Yes \_\_\_\_ No **X** *(If yes, list on continuation page.)*

8.  Additional information required by local rule:
    _____

9.  There are other party members:  Yes \_\_ No **X** *(If yes, list on continuation page.)*

10.  This form has been served on all other parties and Certificate of Service is attached: Yes **X** No\_\_\_

                        Respectfully submitted,

                        **/s/Renea E. Hooper**
                        Renea E. Hooper, Attorney No. 26629-45
                        Paul D. Root, Attorney No. 31489-49
                        **Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
                        10 West Market Street, Suite 1400
                        Indianapolis, IN 46204
                        Tel. (317) 637-1777
                        Fax (317) 687-2414
                        rhooper@scopelitis.com
                        proot@scopelitis.com

                        Attorneys for Defendants, Edward Morrison and Schneider National Carriers, Inc.

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically served upon the following counsel of record through the Indiana E-Filing System on March 9, 2022:

David M. Cox IV
**Cox Law Office**
Dave@DaveCoxLaw.com

Daniel M. Witte
**Travelers Staff Counsel Indiana**
dwitte@travelers.com

**/s/Renea E. Hooper**
Renea E. Hooper/#26629-45

Scopelitis Garvin Light Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46204
(317) 637-1777
(317) 687-2414 – fax
4876-4963-4064, v. 1

Filed: 3/8/2022 2:19 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: 49D05-2202-CT-004172 |

| | |
|---|---|
| JONATHAN CIESIELSKI and | ) |
| JENNIFER CIESIELSKI, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     vs. | ) |
| | ) |
| CLAIRE HICKEY, SCHNEIDER | ) |
| NATIONAL CARRIERS, INC. and | ) |
| EDWARD MORRISON, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND DEMAND FOR TRIAL BY JURY

### I.

### ANSWER

Defendants, Edward Morrison and Schneider National Carriers, Inc., by counsel, pursuant to Ind. Rules of Procedure, Trial Rule 8(B), and for their Answer to the Complaint of Plaintiffs, Jonathan Ciesielski and Jennifer Ciesielski, state as follows:

Defendants deny each and every allegation in the Complaint not specifically admitted herein as being true.

1.    Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.    Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      With respect to Paragraph 5 of the Complaint, Defendants admit that Defendant Morrison operated a 2018 Kenworth tractor-trailer semi-truck, that he owned and maintained, in the southbound center travel lane on I-65 South at said time and place, but deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.      With respect to Paragraph 6 of the Complaint, Defendants admit that Plaintiff Ciesielski was driving a 2008 Dodge Caravan minivan southbound in the far left lane on I-65 at said time and place, but are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendants make no response to the allegations contained in Paragraph 7 of the Complaint as the allegations are not directed to Defendants, Edward Morrison and Schneider National Carriers, Inc. To the extent a response is required, Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 7 of the Complaint.

8.      With respect to Paragraph 8 of the Complaint, Defendants deny that the Federal Motor Carrier Safety Regulations establish any private right of action for a violation of "reasonable care" or "driving on icy roads" as suggested by Paragraph 8

of the Complaint. Defendants admit that Defendant Morrison had a duty to exercise reasonable care, keep a proper lookout, keep his vehicle under proper control and to obey Indiana's traffic laws and certain Federal Motor Carrier Safety Regulations as they apply to him, just as Plaintiff, Jonathan Ciesielski, and Defendant, Claire Hickey, and all motorists on the roadway have a duty to operate their vehicles in a safe and reasonable manner and to obey applicable laws and regulations. Defendants deny that Defendant Morrison violated any applicable duties, laws or regulations. Defendants deny any remaining allegations contained in Paragraph 8 of the Complaint.

9.      With respect to Paragraph 9 of the Complaint, Defendants deny that the Federal Motor Carrier Safety Regulations establish any private right of action for a violation of "reasonable care" as suggested by Paragraph 9 of the Complaint. Defendants deny that Defendant Schneider National Carriers, Inc. violated any duties to use reasonable care, maintain its vehicle or any applicable traffic laws or Federal Motor Carrier Safety Regulations. Defendants deny any remaining allegations contained in Paragraph 9 of the Complaint.

10.      Defendants make no response to the allegations contained in Paragraph 10 of the Complaint as the allegations are not directed to Defendants, Edward Morrison and Schneider National Carriers, Inc. To the extent a response is required, Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     With respect to Paragraph 15 of the Complaint, Defendants admit that Plaintiff's minivan crashed into Defendant Hickey's vehicle, Plaintiff's vehicle then spun out of control into the center lane of I-65 southbound in front of Defendant Morrison's vehicle causing the impact between Plaintiff's vehicle and Defendant Morrison's vehicle, and that Plaintiff's minivan was facing northbound at the time of impact, but deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     With respect to Paragraph 20 of the Complaint, Defendants admit that Defendant Morrison was driving on behalf of Schneider National Carriers, Inc. and under Schneider National Carriers, Inc.'s motor carrier operating authority at the time of the crash, but deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     With respect to Paragraph 21 of the Complaint, Defendants admit that Defendant Morrison was driving on behalf of Schneider National Carriers, Inc. and under Schneider National Carrier, Inc.'s motor carrier operating authority at the time of the crash, but deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     With respect to Paragraph 22 of the Complaint, Defendants admit that, under applicable laws, Schneider National Carriers, Inc. is vicariously liable to the extent of Defendant Morrison's negligence, if any, but deny that Mr. Morrison was negligent.

WHEREFORE, Defendants, Edward Morrison and Schneider National Carriers, Inc., by counsel, respectfully request Plaintiffs taking nothing by way of their Complaint, for costs of this action and for all other proper relief in the premises.

## II.

## <u>AFFIRMATIVE DEFENSES</u>

Defendants, Edward Morrison and Schneider National Carriers, Inc., by counsel, pursuant to Ind. Rules of Procedure, Trial Rule 8(C), and for their Affirmative Defenses to the Complaint of Plaintiffs, state as follows:

1.      To the extent Plaintiffs are making a claim for negligent maintenance as suggested in Paragraph 9 of the Complaint, then Plaintiffs fail to state a claim for which relief can be granted.

2.      Plaintiff, Jonathan Ciesielski, was more than 50% at fault for the total occurrence, and therefore Plaintiffs' Complaint is barred.

3.      Alternatively, if Plaintiff's, Jonathan Ciesielski, fault is equal to or less than 50% of the total occurrence, then Plaintiffs' damages should be diminished in proportion to his comparative fault.

4.      In the event it is established that the causal negligence of Plaintiff, Jonathan Ciesielski, is less than or equal to 50% of the total occurrence, Defendants hereby assert that the amount of Plaintiff's, Jennifer Ciesielski, damages be diminished in proportion to the amount of causal negligence attributable to Plaintiff, Jonathan Ciesielski.

5.      The incident, injuries and damages alleged in Plaintiffs' Complaint were caused solely or contributed to by the acts, omissions and conduct of the Plaintiff, Jonathan Ciesielski, and/or Defendant, Claire Hickey.

6.     The incident, injuries and damages alleged in Plaintiffs' Complaint were caused by subsequent intervening incidents and/or actions, and therefore Plaintiffs' claims against Defendants, Edward Morrison and Schneider National Carriers, Inc., are barred.

7.     Plaintiff may have received collateral source payments and, therefore, Defendants are entitled to a setoff as to the amount of collateral source payments received by Plaintiff.

8.     Defendants reserve the right to amend and/or supplement their Affirmative Defenses as investigation and discovery continue.

WHEREFORE, Defendants, Edward Morrison and Schneider National Carriers, Inc., by counsel, respectfully request Plaintiffs taking nothing by way of their Complaint, for costs of this action and for all other proper relief in the premises.

### III.

### <u>DEMAND FOR TRIAL BY JURY</u>

Defendants, Edward Morrison and Schneider National Carriers, Inc., by counsel, by counsel, and pursuant to Ind. Rules of Procedure, Trial Rule 38(B), respectfully demand that this matter be set for trial by jury on all matters herein.

Respectfully submitted,

**/s/Renea E. Hooper**
Renea E. Hooper, Attorney No. 26629-45
Paul D. Root, Attorney No. 31489-49
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Tel. (317) 637-1777
Fax (317) 687-2414
rhooper@scopelitis.com
proot@scopelitis.com

Attorneys for Defendants, Edward Morrison and Schneider National Carriers, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served upon the following counsel of record through the Indiana E-Filing System on March 9, 2022:

David M. Cox IV
**Cox Law Office**
Dave@DaveCoxLaw.com

Daniel M. Witte
**Travelers Staff Counsel Indiana**
dwitte@travelers.com

**/s/Renea E. Hooper**
Renea E. Hooper/#26629-45

Scopelitis Garvin Light Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46204
(317) 637-1777
(317) 687-2414 – fax

4857-0223-1824, v. 1

8

Filed: 5/28/2022 5:29 PM
Clerk
Marion County, Indiana

STATE OF INDIANA       )          IN THE MARION SUPERIOR COURT 5
                          ) SS:
COUNTY OF MARION     )          CAUSE NO. 49D05-2202-CT-004172

JONATHAN CIESIELSKI and      )
JENNIFER CIESIELSKI,        )
                          )
        Plaintiffs,       )   **JURY TRIAL REQUESTED**
                          )
    v.                    )
                          )
CLAIRE HICKEY,            )
SCHNEIDER NATIONAL CARRIERS, INC., and  )
EDWARD MORRISON,        )
                          )
        Defendants.      )

## DEFENDANT CLAIRE HICKEY'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Claire Hickey, by counsel, for her Answer to Plaintiffs' Complaint, alleges and says:

1.    Defendant admits the material allegations contained in paragraph one (1) of Plaintiffs' Complaint.

2, 3.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs two (2) and three (3) of Plaintiffs' Complaint and therefore denies the same.

4.    Defendant admits the material allegations contained in paragraph four (4) of Plaintiffs' Complaint.

5, 6.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs five (5) and six (6) of Plaintiffs' Complaint and therefore denies the same.

7.      In response to the material allegations contained in paragraph seven (7) of Plaintiffs' Complaint, the facts and circumstances of the accident at issue will determine what duty, if any, Defendant owed Plaintiff under Indiana law. Defendant denies the material allegations contained in paragraph seven (7) to the extent they are inconsistent with Indiana law as applied to the facts and circumstances of the incident at issue. Defendant further denies any and all allegations of negligence.

8, 9.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs eight (8) and nine (9) of Plaintiffs' Complaint and therefore denies the same.

10.     Defendant restates her response to paragraph seven (7).  In response to the material allegations contained in paragraph ten (10) of Plaintiffs' Complaint, the facts and circumstances of the accident at issue will determine what duty, if any, Defendant owed Plaintiff under Indiana law. Defendant denies the material allegations contained in paragraph ten (10) to the extent they are inconsistent with Indiana law as applied to the facts and circumstances of the incident at issue. Defendant further denies any and all allegations of negligence.

11, 12.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs eleven (11) and twelve (12) of Plaintiffs' Complaint and therefore denies the same.

2

13.     Defendant denies the material allegations contained in paragraph thirteen (13) of Plaintiffs' Complaint.

14, 15.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs fourteen (14) and fifteen (15) of Plaintiffs' Complaint and therefore denies the same.

16, 17.  Defendant denies the material allegations contained in paragraphs sixteen (16) and seventeen (17) of Plaintiff's Complaint as they pertain to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraphs sixteen (16) and seventeen (17) of Plaintiffs' Complaint and therefore denies the same.

18-22.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraphs eighteen (18), nineteen (19), twenty (20), twenty-one (21) and twenty-two (22) of Plaintiffs' Complaint and therefore denies the same.

**AFFIRMATIVE DEFENSES**

Defendant, Claire Hickey, by counsel, for her Affirmative Defenses to Plaintiffs' Complaint, alleges and says:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff Jonathan Ciesielski has fault/was negligent.

3.     Plaintiffs' claims should be reduced by the comparative fault of Plaintiff Jonathan Ciesielski.

3

4.      Plaintiffs' claims may be barred because the comparative fault of Plaintiff Jonathan Ciesielski exceeds 50%.

5.      Plaintiff Jonathan Ciesielski assumed the risk of his conduct and actions.

6.      Pursuant to the provisions of the Indiana Comparative Fault Act, fault must be allocated among all parties and non-parties whose acts or omissions caused or contributed to the injuries alleged by Plaintiff.

7.      Defendant was presented with a sudden emergency and acted reasonably under the circumstances.

8.      Defendant denies she was negligent.

9.      Defendant denies she breached any duty owed to Plaintiffs.

10.     Defendant did not proximately cause Plaintiffs' damages and injuries, if any be found to exist.

11.     Plaintiffs have already been fully or partially compensated for the injuries and/or damages of which they complain and are therefore not entitled to recover from the Defendant, and/or such full or partial compensation is a set-off against any claim by Plaintiffs against the Defendant.

12.     Plaintiffs have failed to mitigate their damages.

13.     Defendant reserves all rights she has to raise additional affirmative defenses.

WHEREFORE, Defendant, Claire Hickey, prays for judgment in her favor, that Plaintiffs take nothing by way of their Complaint, and further requests entry of all other just and proper relief in the premises.

**JURY DEMAND**

Pursuant to Ind. Trial Rule 38, Defendant, Claire Hickey, respectfully demands a trial by jury.

Respectfully submitted,

**TRAVELERS STAFF COUNSEL INDIANA**

By:    /s/ *Daniel M. Witte*
Daniel M. Witte, 18957-49

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically using the Indiana E-Filing System (IEFS) and served upon the following persons via IEFS on **May 23, 2022**:

David M. Cox IV
COX LAW OFFICE

Renea E. Hooper
Paul D. Root
SCOPELITIS GARVIN LIGHT
  HANSON & FEARY, P.C.

By:    /s/ *Daniel M. Witte*
Daniel M. Witte, 18957-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325, Indianapolis, IN 46240
***Mailing Address:***  P. O. Box 64093, St. Paul, MN 55164-0093
PH (317) 818-5121
FX (317) 818-5124
dwitte@travelers.com

DMW:gb

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION, ROOM 5 |
| COUNTY OF MARION | ) | CAUSE NUMBER 49D05-2202-CT-004172 |

| | |
|---|---|
| Jonathan Ciesielski, Jennifer Ciesielski, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) |
| | ) |
| Claire Hickey, Schneider National Carriers, | ) |
| And Edward Morrison, | ) |
| | ) |
| Defendant(s), | ) |

F I L E D

June 9, 2022

CLERK OF THE COURT
MARION COUNTY

AG

## PRE-TRIAL ORDER

Comes now the Court and finds as follows:

The above captioned cause is set for **JURY TRIAL ON JUNE 5, 2023 AT 8:30 A.M., AS 6TH CHOICE, FOR A DURATION OF (5) FIVE DAYS, AND A FINAL PRE-TRIAL CONFERENCE ON MAY 3, 2023 AT 10:45 A.M.** Up to ten (10) cases have been set for jury trial on the same date. As each case is settled or tried, we will go to the next case until all cases, which have been set for trial by jury, are resolved.  Even though you may be as far down as tenth choice, be prepared for trial since it is likely, from past experience, that we will reach the last choice.

1.      Settlement and length of trial will be discussed at the pre-trial.  The lawyer who is the attorney of record and who will try the case **MUST** be present at the pre-trial conference. Any pre-trial motions, including motions in limine, must be brought to the attention of the Court at the pre-trial.

2.      Waivers of jury must be in writing, signed by all parties or counsel and submitted to the Court one week preceding the pre-trial conference, by 12:00 noon.  Those cases, which

have waived jury, will be removed from the jury calendar and reset for trial by the Court

on a subsequent date.

3.      All parties must comply with the **MANDATORY MEDIATION** provisions of Local

Rule 21, including but not limited to the submission of a written report from the mediator

no later than sixty (60) days before the date of the jury trial.

4.      Parties must file a **joint issue instruction** and any **preliminary instructions** with the

Clerk of the Court, and email to the court reporter, **Ashley Roney at**

ashley.roney@indy.gov **by noon on the Tuesday before the jury trial**.  Parties must

tender all **final jury instructions** and **verdict forms** to the Clerk of the Court and to the

same email address by the **first day of the jury trial**.  All final instructions must have a

cover sheet denoting number of Plaintiff(s)/Defendant(s) Proposed Final Instructions, and

each instruction is to be numbered.

5.      All parties are to comply fully with the provisions of Trial Rule 16 C through I of the

Indiana Rules of Trial Procedure.  Counsel must be prepared with sufficient copies of any

exhibit admitted into evidence to pass to the jury for their inspection and review.

6.      Any prior Orders, including but not limited to, the Case Management Order, regarding

witness lists or exhibit lists or discovery cut-off dates are not changed by this Order.

7.      All documents, charts, and exhibits that will be used at trial **<u>must</u>** be marked for

identification.  Plaintiffs use 1, 2, 3, etc.  Defendants use A, B, C, etc.  Cause number

should be on the exhibit sticker.  Sufficient copies for the jurors, opposing counsel and

the Court are to be made **prior to trial** at the parties' expense.  The court staff will be

unable to make copies.   **An exhibit list should be submitted to the court reporter no**

**later than the day of trial**.

8.     Both parties should not mark a document for identification.  If both parties wish to use a particular document, it should be marked as one party's exhibit and then it is available for use at trial by any party.

       **UNDER NO CIRCUMSTANCES WILL THE COURT HEAR ANY DISCOVERY DISPUTE WITHIN SEVEN (7) DAYS OF THE TRIAL DATE.**

       **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS INCLUDING DEFAULT AND DISMISSAL WITH PREJUDICE.**

Dated: _06/09/2022___

                                                      _____
                                        John Chavis, II  Judge
                                        Marion County Superior Court
                                        Civil Division, Room 05

Distribution List:

To All Parties.

| STATE OF INDIANA | ) | | MARION SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF MARION | ) | | CAUSE NO.: 49D05-2202-CT-004172 |

|  |  |
|---|---|
| JONATHAN CIESIELSKI and | ) |
| JENNIFER CIESIELSKI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CLAIRE HICKEY, SCHNEIDER | ) |
| NATIONAL CARRIERS, INC. and | ) |
| EDWARD MORRISON, | ) |
| | ) |
| Defendants. | ) |

F I L E D

June 9, 2022
CLERK OF THE COURT
MARION COUNTY
AG

## PROPOSED CASE MANAGEMENT ORDER

The Parties, by counsel, hereby file their Proposed Case Management Order pursuant to Rule 16 of the Indiana Rules of Trial Procedure and Marion County Local Rule 49-TR16-207(B).

1. Despite disputed liability, Defendants, by counsel, believe that settlement is likely in this case. Plaintiffs, by counsel, do not believe settlement is likely in this case given that Defendants dispute liability.

2. The specific schedule of discovery in this case is guided by the following deadlines:

   a. Preliminary witness lists, exhibit lists, and documents to be exchanged within forty-five (45) days of the Court's approval of the parties Case Management Order.

   b. Final Witness and Exhibit lists to be exchanged on or before April 14, 2023.

   c. The Parties shall exchange their expert disclosures with opposing counsel. The disclosure shall include all information contemplated by TR 26(B)(4), such as name, contact information, subject matter upon which the expert shall testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The deadline to identify an expert shall be as follows:

      i. The Plaintiff shall name all experts expected to testify for purposes of trial on or before October 31, 2022. The Plaintiff's treating

providers for the injuries alleged to be caused by the collision at issue are specifically excluded from this requirement.

    ii.  The Defendants shall name all experts expected to testify for purposes of trial on or before November 30, 2022.

    iii.  The Plaintiff shall name all rebuttal experts expected to testify for purposes of trial December 31, 2022.

    iv.  Any medical examination of Plaintiff Jonathan Ciesielski conducted pursuant to Indiana Trial Rule 35 shall be completed by October 31, 2022. A written report from the Trial Rule 35 examiner shall be provided to Plaintiffs' counsel within 30 days of the examination.

  d.  Discovery in this case shall close April 30, 2023. All remaining written discovery to be completed in this case shall be served in a timely manner so that the responding party has sufficient time to respond prior to the deadline.

3.  If agreed by the parties or ordered by the court, the deadline to mediate will be completed sixty (60) days prior to trial. The parties reserve their right to move to vacate an order should the mediation be an exercise in futility.

4.  Dispositive motions shall be filed with the court no later than January 31, 2023.

5.  All trial depositions of experts shall be completed no later than thirty (30) days prior to trial unless otherwise agreed to by the parties.

6.  All pretrial motions, including motions *in limine*, are due on or before fourteen (14) days prior to the Final Pre-Trial Conference. Any written responses thereto are due seven (7) days prior to the Final Pre-Trial Conference.

7.  The parties shall exchange and file all proposed jury instructions and verdict forms no later than fourteen (14) days prior to trial unless otherwise ordered by the Court.

8.  The parties agree to schedule a mutually convenient location, date and time within fourteen (14) days prior to trial to review the respective parties' exhibits, including demonstrative exhibits, expected to be introduced at trial. Failure to provide exhibits to opposing counsel may result in exclusion of such exhibit.

9.  In the event the trial date is vacated or continued, the parties will submit an Amended Case Management Order with amended remaining pre-trial deadlines in accordance with the new trial date.

10. The parties estimate that the trial will last five (5) days.

11. The parties will be ready for trial by June 5, 2023.

Respectfully submitted,

<u>*/s/Renea E. Hooper*</u>
Renea E. Hooper, Attorney #26629-45
Paul D. Root, Attorney #31489-49
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Tel. (317) 637-1777
Fax (317) 687-2414
rhooper@scopelitis.com
proot@scopelitis.com
Attorneys for Defendants, Edward Morrison and Schneider National Carriers, Inc

<u>/s/ *Daniel M. Witte*</u>
Daniel M. Witte, Attorney #18957-49
**Travelers Staff Counsel Indiana**
280 East 96th Street, Suite 325
Indianapolis, IN 46240
Tel. (317) 818-5121
Fax: (317) 818-5124
dwitte@travelers.com
Attorney for Defendant, Claire Hickey

<u>/s/ *David M. Cox, IV*</u>
David M. Cox, IV, Attorney #31272-45
Cox Law Office
8792 East Ridge Road, Suite C
Hobart, IN 46342
Tel: (219) 225-5269
Fax: (219) 940-5044
Dave@DaveCoxLaw.com
Attorney for Plaintiffs, Jonathan Ciesielski and Jennifer Ciesielski

**June 9, 2022** _____ 

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been electronically served upon the following counsel of record through the Indiana E-Filing System on May 27, 2022:

David M. Cox IV                         Daniel M. Witte
**Cox Law Office**                      **Travelers Staff Counsel Indiana**
Dave@DaveCoxLaw.com                     dwitte@travelers.com


                              **/s/Renea E. Hooper**
                              Renea E. Hooper/#26629-45

Scopelitis Garvin Light Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46204
(317) 637-1777
(317) 687-2414 – fax
rhooper@scopelitis.com


4885-5626-1665

Filed: 6/17/2022 6:37 PM
Clerk
Marion County, Indiana

# IN THE STATE OF INDIANA
## MARION COUNTY SUPERIOR COURT

| | |
|---|---|
| JONATHAN CIESIELSKI and<br>JENNIFER CIESIELSKI,<br><br>      Plaintiffs,<br><br>v.<br><br>CLAIRE HICKEY, SCHNEIDER<br>NATIONAL CARRIERS, INC. and<br>EDWARD MORRISON,<br><br>      Defendants. | Case No. 49D05-2202-CT-004172 |

## <u>DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL</u>

Defendants, Schneider National Carriers, Inc. and Edward Morrison ("Defendants"), by counsel, hereby requests the Court continue the trial scheduled to begin on June 5, 2023 at 8:30 a.m. for a duration of five (5) days. In support of this Motion, Defendants state as follows:

1.    A Pre-Trial Order was filed by the Court on June 9, 2022 setting this matter for a five-day (5) trial starting at 8:30 a.m. on June 5, 2023 with a pretrial conference on May 3, 2023 at 10:45 a.m.

2.    The undersigned has a conflict of scheduling due to the trial of another matter set for the same dates in Grant County, Indiana.

3.    Counsel for Defendants has consulted with counsel for the other parties in this case, and the other counsel have no objection to continuance of the trial in this matter.

4.      In order to assist the court in determining potential weeks to reschedule the trial in this matter, counsel for Defendants consulted with counsel for the other parties and all counsel are available the following weeks in 2023: June 12-16, June 19-23, and June 26-30.

5.      This Motion is filed in good faith and is not meant for purposes of vexation or delay and will not prejudice any parties.

WHEREFORE, Defendants, Schneider National Carriers, Inc., and Edward Morrison, by counsel, hereby requests the Court continue the trial scheduled for June 5, 2023 at 8:30 a.m., and for all other proper relief in the premises.

Respectfully submitted,

*/s/Renea E. Hooper*
Renea E. Hooper, Attorney #26629-45
Paul D. Root, Attorney #31489-49
**Scopelitis, Garvin, Light, Hanson & Feary, P.C.**
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Tel. (317) 637-1777
Fax (317) 687-2414
rhooper@scopelitis.com
proot@scopelitis.com
Attorneys for Defendants, Edward Morrison and Schneider National Carriers, Inc

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically served upon the following counsel of record through the Indiana E-Filing System on June 17, 2022:

David M. Cox IV                                   Daniel M. Witte
**Cox Law Office**                              **Travelers Staff Counsel Indiana**
Dave@DaveCoxLaw.com                    dwitte@travelers.com


                                        **/s/Renea E. Hooper**
                                        Renea E. Hooper/#26629-45

Scopelitis Garvin Light Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46204
(317) 637-1777
(317) 687-2414 – fax
rhooper@scopelitis.com

4881-4131-8949,

## IN THE STATE OF INDIANA
## MARION COUNTY SUPERIOR COURT

| | |
|---|---|
| JONATHAN CIESIELSKI and JENNIFER CIESIELSKI, | Case No. 49D05-2202-CT-004172 |
| Plaintiffs, | |
| v. | |
| CLAIRE HICKEY, SCHNEIDER NATIONAL CARRIERS, INC. and EDWARD MORRISON, | **F I L E D**<br>June 22, 2022<br>CLERK OF THE COURT<br>MARION COUNTY<br>AG |
| Defendants. | |

## ORDER ON DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL

This matter came before the Court on the Unopposed Motion to Continue Trial by Defendants, Schneider National Carriers, Inc. and Edward Morrison. The Court, being first duly advised in the premises, now finds that the Defendants' Motion should be granted.

IT IS THEREFORE ORDERED that the Trial scheduled to be held on June 5, 2023 is CONTINUED to the ___ day of _____ TBD _____, 2023 beginning at ____ _____.m.

SO ORDERED.

Date: **June 21, 2022** _____

_____
Judge, Marion County Superior Court

Counsel for the parties shall contact Ashley Roney at ashley.roney@indy.gov to reset dates for jury trial and the final pretrial conference.

Copies to:

David M. Cox IV
Cox Law Office
Dave@DaveCoxLaw.com

Daniel M. Witte
Travelers Staff Counsel Indiana
dwitte@travelers.com

Renea E. Hooper, Attorney #26629-45
Paul D. Root, Attorney #31489-49
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
rhooper@scopelitis.com
proot@scopelitis.com

4861-4615-8373,

IN THE MARION COUNTY SUPERIOR COURT
STATE OF INDIANA

| | | |
|---|---|---|
| JONATHAN CIESIELSKI and | ) | |
| JENNIFER CIESEILSKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CAUSE NO.  49D05-2202-CT-004172 |
| | ) | |
| CLAIRE HICKEY, | ) | |
| SCHNEIDER NATIONAL CARRIERS, | ) | |
| INC. and EDWARD MORRISON, | ) | |
| | ) | |
| Defendants. | ) | |

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____          Responding __X__     Intervening _____ ; and
   the undersigned attorney and all attorneys listed on this form now appear in this case for
   the following parties:
   Name of party:  CLAIRE HICKEY
   Address of party  *(see Question # 5 below if this case involves a protection from abuse
   order, a workplace violence restraining order, or a no-contact order)*_____
   Telephone # of party _____
   *(List on a continuation page additional parties this attorney represents in this case.)*
2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name: Molly E. Lee              Attorney Number:  31998-49
   Address:  1411 Roosevelt Avenue, Suite 102, Indianapolis, IN 46201
   Phone: 317-237-0500           FAX:  317-630-2790
   Email Address:  mlee@lewiswagner.com

   Name: Alexandra P. Wright         Attorney Number:  37009-12
   Address:  1411 Roosevelt Avenue, Suite 102, Indianapolis, IN 46201
   Phone: 317-237-0500           FAX:  317-630-2790
   Email Address:  awright@lewiswagner.com

   **IMPORTANT**:  Each attorney specified on this appearance:
   (a)     certifies that the contact information listed for him/her on the Indiana Supreme
           Court Roll of Attorneys is current and accurate as of the date of this
           Appearance;
   (b)     **acknowledges that all orders, opinions, and notices from the court in this**

**matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)      understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.    This is a CT case type as defined in administrative Rule 8(B)(3).

4.    I will accept service from other parties by:

FAX at the above noted number:  Yes X  No _____

Email at the above noted number:  Yes X  No _____

5.  This case involves child support issues. Yes _____ No _X_____ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

6.  This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No _X_____ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____         Attorney's address

_____         The Attorney General Confidentiality program address
                         (contact the Attorney General at 1-800-321-1907 or e-mail address is
                         **confidential@atg.in.gov**).

_____         Another address (provide) _____

7.  This case involves a petition for involuntary commitment.  Yes _____ No _X_

8.  If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.   Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

c.   At least one of the following pieces of identifying information:

(i)   Date of Birth _____

(ii)  Driver's License Number _____
       State where issued _____ Expiration date _____

(iii) State ID number _____
       State where issued _____ Expiration date _____

(iv)  FBI number _____

(v)   Indiana Department of Corrections Number _____

(vi)  Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

9.  There are related cases: Yes _____ No  X  *(If yes, list on continuation page.)*

10. Additional information required by local rule:_____

11. There are other party members: Yes __X__ No ___ *(If yes, list: )*

12. This form has been served on all other parties and Certificate of Service is attached.

LEWIS WAGNER, LLP


BY:  /s/ Molly E. Lee
         MOLLY E. LEE, #31998-49


BY: /s/ Alexandra P. Wright
        ALEXANDRA P. WRIGHT, #37009-12
        Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I have served a copy of the foregoing upon all counsel of record, as follows using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered.

David M. Cox, IV
COX LAW OFFICE
8792 East Ridge Road, Suite C
Hobart, IN 46342
*Counsel for Plaintiff*

Daniel M. Witte
TRAVELERS STAFF COUNSEL
280 East 96th Street, Suite 325
Indianapolis, IN 46240
*Counsel for Defendant*
*Claire Hickey*

Renea E. Hooper
Paul D. Root
SOPELITIS GARVIN LIGHT HANSON
   & FEARY, P.C.
10 W. Market Street, Suite 1400
Indianapolis, IN 46204
*Counsel for Schneider National*
*Carriers, Inc. and Edward Morrison*


/s/ Molly E. Lee
MOLLY E. LEE

**LEWIS WAGNER, LLP**
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN  46201
Phone: (317) 237-0500
FAX:   (317) 630-2790
mlee@lewiswagner.com
awright@lewiswagner.com

Filed: 7/8/2022 2:12 PM
Clerk
Marion County, Indiana

STATE OF INDIANA          )          IN THE MARION SUPERIOR COURT 5
                          ) SS:
COUNTY OF MARION          )          CAUSE NO. 49D05-2202-CT-004172


JONATHAN CIESIELSKI and                    )
JENNIFER CIESIELSKI,                       )
                                           )
               Plaintiffs,           )
                                           )
     v.                                 )
                                           )
CLAIRE HICKEY,                             )
SCHNEIDER NATIONAL CARRIERS, INC., and     )
EDWARD MORRISON,                           )
                                           )
               Defendants.           )

## MOTION TO WITHDRAW APPEARANCE

      Daniel M. Witte, Travelers Staff Counsel Indiana, respectfully moves the Court to withdraw his Appearance as counsel for Defendant, Claire Hickey, for the reason that Defendant is now represented by **Molly E. Lee and Alexandra P. Wright, LEWIS WAGNER, LLP,** whose Appearance was entered on <u>June 27, 2022</u>.


                        Respectfully submitted,

                        **TRAVELERS STAFF COUNSEL INDIANA**

By:   */s/ Daniel M. Witte*
          Daniel M. Witte, 18957-49

1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically using the Indiana E-Filing System (IEFS) and served upon the following persons via IEFS on **July 8, 2022**:

David M. Cox IV
COX LAW OFFICE

Renea E. Hooper
Paul D. Root
SCOPELITIS GARVIN LIGHT
  HANSON & FEARY, P.C.

Molly E. Lee
Alexandra P. Wright
LEWIS WAGNER, LLP

By:   /s/ *Daniel M. Witte*
                Daniel M. Witte, 18957-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325, Indianapolis, IN 46240
**_Mailing Address:_** P. O. Box 64093, St. Paul, MN 55164-0093
PH (317) 818-5121
FX (317) 818-5124
dwitte@travelers.com

DMW:gb

STATE OF INDIANA       )           IN THE MARION SUPERIOR COURT 5
                              ) SS:
COUNTY OF MARION      )            CAUSE NO. 49D05-2202-CT-004172

JONATHAN CIESIELSKI and         )
JENNIFER CIESIELSKI,           )
                              )
         Plaintiffs,         )

**F I L E D**

July 11, 2022
CLERK OF THE COURT
MARION COUNTY
AG

        v.                  )
                              )
CLAIRE HICKEY,               )
SCHNEIDER NATIONAL CARRIERS, INC., and )
EDWARD MORRISON,        )
                              )
        Defendants.       )

## ORDER GRANTING WITHDRAWAL OF APPEARANCE

Daniel M. Witte, Travelers Staff Counsel Indiana, having filed a motion to withdraw his Appearance as counsel for Defendant, Claire Hickey, and the Court having reviewed said motion and being otherwise duly advised, now GRANTS the same.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the *Motion to Withdraw Appearance* is hereby **GRANTED**, and that the Appearance of Daniel M. Witte on behalf of Defendant, Claire Hickey, is hereby **ORDERED** withdrawn from this cause.

Date: _____**July 8, 2022**_____

_____
Judge, Marion Superior Court 5

**DISTRIBUTION:**
David M. Cox IV, COX LAW OFFICE
Renea E. Hooper/Paul D. Root, SCOPELITIS GARVIN LIGHT HANSON & FEARY
Molly E. Lee/Alexandra P. Wright, LEWIS WAGNER, LLP
Daniel M. Witte, TRAVELERS STAFF COUNSEL INDIANA

STATE OF INDIANA          )          IN THE MARION CIRCUIT / SUPERIOR COURT
                          )SS:
COUNTY OF MARION          )


JONATHAN CIESIELSKI and          ) CAUSE NO. _____
JENNIFER CIESEILSKI              )
                                 )
          Plaintiffs,            )
                                 )
v.                               )
                                 )
CLAIRE HICKEY,                   )
SCHNEIDER NATIONAL CARRIERS, INC., and )
EDWARD MORRISON                  )
                                 )
          Defendants.            )

## <u>E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

Party Classification:   Initiating <u>_X_</u>        Responding ____        Intervening ____

1.   The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): <u>Plaintiffs Jonathan Ciesielski and Jennifer Ciesielski.</u>

2.   Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) are as follows:

| | | | |
|---|---|---|---|
| Name: | David M. Cox IV | Attorney Number: | 31272-45 |
| | Cox Law Office | Phone: (219) 225-5269 | |
| Address: | 8792 East Ridge Road, Suite C | Fax:   (219) 940-5044 | |
| | Hobart, Indiana 46342 | Email: Dave@DaveCoxLaw.com | |

Each attorney specified on this Appearance:

(a)   certifies that the contact information listed for him on the Indiana Supreme Court Roll of Attorneys is current and accurate as the date of this Appearance;

(b)   acknowledges that all orders, opinions, and notices from the Court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)   understands that he is solely responsible for keeping his Roll of Attorneys contact information current and accurate.

3.  This is a _____CT_____ case type as defined in Administrative Rule 8(B)(3).
4.  This case involves support issues.     Yes __   No X *(If yes, supply social security numbers for all family members on a light-green continuation page.)*

5.  This case involves a protection from abuse order, a workplace violence restraining order, or a no contact order. Yes __   No X *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*

6.  This case involves a petition for involuntary commitment.   Yes __     No X

7.  There are related cases.                                    Yes __     No X

8.  Additional information required by local rule: _____

9.  There are other party members:                             Yes __     No X

10. This form has been served on all other parties and a Certificate of Service is attached.
                                                                Yes __  No X

Respectfully submitted,

/s/ *David M. Cox IV*
David M. Cox IV
Indiana Attorney Number: 31272-45
Cox Law Office
8792 East Ridge Road, Suite C
Hobart, Indiana 46342
Telephone #: (219) 225-5269
Fax #: (219) 940-5044
Email: Dave@DaveCoxLaw.com
Attorney for Plaintiffs

| STATE OF INDIANA | ) | IN THE MARION CIRCUIT / SUPERIOR COURT |
|---|---|---|
| | )SS: | |
| COUNTY OF MARION | ) | |

| JONATHAN CIESIELSKI and | ) CAUSE NO. _____ |
|---|---|
| JENNIFER CIESEILSKI | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CLAIRE HICKEY, | ) |
| SCHNEIDER NATIONAL CARRIERS, INC., and | ) |
| EDWARD MORRISON | ) |
| | ) |
| Defendants. | ) |

## <u>COMPLAINT</u>

Plaintiffs, Jonathan Ciesielski and Jennifer Ciesielski, by and through their attorney, state and allege the following for their Complaint against Defendant Claire Hickey, Defendant Schneider National Carriers, Inc., and Defendant Edward Morrison:

1. This case's crash occurred in Marion County, Indiana.

2. This Court has personal jurisdiction over the Defendants.

3. This Court is the preferred venue for this action under Indiana Trial Rule 75(A).

4. On February 9, 2020, Defendant Claire Hickey operated a 2011 Ford Fusion southbound in the far-left lane on I-65 South in Marion County, Indiana.

5. At said time and place, Defendant Edward Morrison operated a 2018 Kenworth tractor-trailer semi-truck, owned and maintained by Defendant Schneider National Carriers, Inc., southbound in the center lane on I-65 South.

6. At said time and place, Plaintiff Jonathan Ciesielski, was driving his family's 2008 Dodge Caravan minivan southbound in the right lane on I-65 South.

7.    Defendant Claire Hickey owed Plaintiff Jonathan Ciesielski, Plaintiff Jennifer Ciesielski, and others on the roadway the duties to exercise reasonable care while driving, to keep the vehicle she was driving under proper control, to keep a proper lookout, and to obey Indiana's traffic laws.

8.    Defendant Edward Morrison owed Plaintiff Jonathan Ciesielski, Plaintiff Jennifer Ciesielski, and others on the roadway the duties to exercise reasonable care, to keep a proper lookout, to keep the tractor-trailer he was operating under proper control, to not drive said tractor-trailer on icy roads, to obey Indiana's traffic laws, and to obey the Federal Motor Carriers Safety Administration's Regulations.

9.    Defendant Schneider National Carriers, Inc. owed Plaintiff Jonathan Ciesielski, Plaintiff Jennifer Ciesielski, and others on the roadway the duties to exercise reasonable care, to keep their tractor-trailer in proper mechanical condition, to obey Indiana's traffic laws, and to obey the Federal Motor Carriers Safety Administration's Regulations.

10.    Defendant Claire Hickey breached the foregoing duties in Paragraph 7.

11.    Defendant Edward Morrison breached the foregoing duties in Paragraph 8.

12.    Defendant Schneider National Carriers, Inc. breached the foregoing duties in Paragraph 9.

13.    As a direct and proximate result of Defendant Claire Hickey's acts and omissions, Defendant Claire Hickey carelessly and negligently lost control of the vehicle she was driving, and the vehicle she driving spun out-of-control into I-65 South's center-lane and in front of Defendant Schneider National Carriers' tractor-trailer being operated by Defendant Edward Morrison traveling southbound in the center-lane.

14.     As a direct and proximate result of Defendant Edward Morrison's acts and omissions and Defendant Schneider National Carrier, Inc.'s acts and omissions, Defendant Edward Morrison carelessly and negligently swerved into the right-lane of I-65 South and crashed the front-passenger side of the tractor-trailer he was operating into the rear-driver side of Plaintiff Jonathan Ciesielski's minivan – while Mr. Ciesielski was traveling southbound in I-65 South's right-lane.

15.     As a direct and proximate result of said crash, Plaintiff Jonathan Ciesielski's minivan spun approximately 720 degrees and into I-65 South's center lane (where the front of Mr. Ciesielski's minivan ended up facing northbound in the southbound lanes). Defendant Edward Morrison then negligently and violently crashed the front of the tractor-trailer he was operating head-on into the front of Mr. Ciesielski's minivan.

16.     As a direct and proximate result of the Defendants' acts and omissions, Mr. Ciesielski sustained permanent and severe bodily injuries; physical pain; mental suffering; physical impairments; fright; lost time; loss of enjoyment of life; diminished quality of life; medical bills; and other yet to be discovered damages that resulted from the Defendants' negligence and/or recklessness.

17.     As a further direct and proximate result of the Defendants' acts and omissions, Mr. Ciesielski will suffer the following damages in the future: physical pain; mental suffering; physical impairments; lost time; loss of enjoyment of life; diminished quality of life; medical bills; loss of housekeeping and household management services; and other yet to be discovered damages that resulted from the Defendants' negligence and/or recklessness.

18.     At all times relevant herein, Plaintiffs Jonathan Ciesielski and Jennifer Ciesielski, were and are married and were and are husband and wife.

19      As a further direct and proximate result of the Defendants' acts and omissions, Plaintiff

Jennifer Ciesielski has suffered and will continue to suffer the following damages in the future:

loss of consortium; loss of companionship; loss of society; loss of services; and other yet to be

discovered damages that resulted from the Defendants' negligence and/or recklessness.

20.     Defendant Edward Morrison was acting for the benefit of and under the direction of

Defendant Schneider National Carriers, Inc. at the time of the crash.

21.     Defendant Edward Morrison was an employee and/or agent of Defendant Schneider

National Carriers, Inc. and was acting within the scope of his employment and/or agency with

Defendant Schneider National Carriers, Inc. at the time of the crash.

22.     Defendant Schneider National Carriers, Inc. is vicariously liable for Defendant Edward

Morrison's negligence and/or recklessness in this case.

        WHEREFORE, Plaintiffs, Jonathan Ciesielski and Jennifer Ciesielski, respectfully seek

the entry of judgment against Defendant Claire Hickey, Defendant Schneider National Carriers,

Inc., and Defendant Edward Morrison in an amount to justly compensate them for their damages,

for the costs of this action, prejudgment interest, and for all other relief this Honorable Court

finds just and proper.

                                        Respectfully submitted,

                                        /s/ *David M. Cox IV*
                                        David M. Cox IV
                                        Indiana Attorney Number: 31272-45
                                        Cox Law Office
                                        8792 East Ridge Road, Suite C
                                        Hobart, Indiana 46342
                                        Telephone #: (219) 225-5269
                                        Fax #: (219) 940-5044
                                        Email: Dave@DaveCoxLaw.com
                                        Attorney for Plaintiffs

**JURY DEMAND**

Plaintiffs, Jonathan Ciesielski and Jennifer Ciesielski, by and through their attorney,

hereby demand a jury trial as to all issues contained in their Complaint.

Respectfully submitted,

/s/ *David M. Cox IV*
David M. Cox IV
Indiana Attorney Number: 31272-45
Attorney for Plaintiffs

STATE OF INDIANA     )       IN THE MARION CIRCUIT/SUPERIOR COURT
                      )   SS:
COUNTY OF MARION     )

JONATHAN CIESIELSKI and    ) CAUSE NO. _____
JENNIFER CIESIELSKI        )
                         )
       Plaintiffs,        )
                         )
v.                           )
                         )
CLAIRE HICKEY, SCHNEIDER    )
NATIONAL CARRIERS, INC., and   )
EDWARD MORRISON        )
                         )
       Defendants.       )

## SUMMONS

**THE STATE OF INDIANA TO THE DEFENDANT:**

Claire Hickey
10322 Lacrosse Avenue
Oak Lawn, Illinois 60453

**You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.**

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiffs have made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely confirmation that the SUMMONS and COMPLAINT were previously left with you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date when the SUMMONS and COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you or your agent first receive the SUMMONS and COMPLAINT by first class mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiffs within the times prescribed herein, judgment may be entered against you for what the Plaintiff demanded.

If you have a claim against the Plaintiffs arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated: **by Certified Mail Return Receipt Requested**.

**Attorney for Plaintiffs:**

David M. Cox IV
Ind. Atty. No.: 31272-45
8792 East Ridge Road, Suite C
Hobart, Indiana 46342
Telephone No.: (219) 225-5269

2/9/2022

**Myla Eldridge**          **Date**
**Clerk of the Marion Circuit and Superior Courts**
By: _Myla A. Eldridge_
       **Deputy Clerk**

SEAL — MARION COUNTY COURTS INDIANA

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ____ day of _____, 20____, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, _____by _____mail, requesting a return receipt, at the address furnished by the Plaintiff(s).

Honorable Lorenzo Arredondo
Clerk of the Lake Circuit and Superior Courts

Dated: _____, 20____. By: _____
Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____was accepted by The Defendant on the _____ day of _____, 20_____.

Honorable Lorenzo Arredondo
Clerk of the Lake Circuit and Superior Courts

Dated: _____, 20_____. By: _____
Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, 20_____, a copy of this SUMMONS, a copy of the COMPLAINT, and all other materials filed the same date to the within named person(s).

2. By leaving on _____, 20____, for the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____in _____, California, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, by mailing a copy of the SUMMONS without the COMPLAINT to the named person(s) at the address listed herein.

3. The SUMMONS came to hand this date, _____20_____. The within named_____ was not found in my bailiwick this date, _____, 20_____.
**ALL DONE IN _____COUNTY,_____.**

**SHERIFF OF _____COUNTY, _____**

**BY: _____**

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT, and all materials filed the same dated attached thereto were received by me at _____in _____, Indiana on this date, _____, 20____.

Signature of Defendant _____

2

Marion Superior Court 5

STATE OF INDIANA      )          IN THE MARION CIRCUIT/SUPERIOR COURT
                    )    SS:
COUNTY OF MARION    )

JONATHAN CIESIELSKI and      ) CAUSE NO. _____
JENNIFER CIESIELSKI             )
                    )
         Plaintiffs,       )
                    )
v.                         )
                    )
CLAIRE HICKEY, SCHNEIDER      )
NATIONAL CARRIERS, INC., and    )
EDWARD MORRISON           )
                    )
         Defendants.      )

> # SUMMONS
>
> **THE STATE OF INDIANA TO THE DEFENDANT:**
>
> Edward Morrison
> 615 MacFarlane Street
> Mexico, Missouri 65265

**You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.**

       **The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiffs have made against you.**

       **You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.**

       **In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely confirmation that the SUMMONS and COMPLAINT were previously left with you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date when the SUMMONS and COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.**

       **However, if you or your agent first receive the SUMMONS and COMPLAINT by first class mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.**

       **If you fail to answer the COMPLAINT of the Plaintiffs within the times prescribed herein, judgment may be entered against you for what the Plaintiff demanded.**

       **If you have a claim against the Plaintiffs arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.**

       **The following manner of service is hereby designated: by Certified Mail Return Receipt Requested.**

**Attorney for Plaintiffs**                                               2/9/2022

_____
David M. Cox IV                                   **Myla Eldridge**                      **Date**
Ind. Atty. No.: 31272-45             **Clerk of the Marion Circuit and Superior Courts**
8792 East Ridge Road, Suite C
Hobart, Indiana 46342                       By: _Myla A. Eldridge_
Telephone No.: (219) 225-5269                   **Deputy Clerk**

MARION COUNTY COURTS SEAL INDIANA

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant, _____by _____mail, requesting a return receipt, at the address furnished by the Plaintiff(s).

Honorable Lorenzo Arredondo
Clerk of the Lake Circuit and Superior Courts

Dated: _____, 20_____. By: _____
Deputy Clerk

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____was accepted by The Defendant on the _____ day of _____, 20_____.

Honorable Lorenzo Arredondo
Clerk of the Lake Circuit and Superior Courts

Dated: _____, 20_____. By: _____
Deputy Clerk

### RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1. By delivering on _____, 20_____, a copy of this SUMMONS, a copy of the COMPLAINT, and all other materials filed the same date to the within named person(s).

2. By leaving on _____, 20_____, for the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____in _____, California, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, by mailing a copy of the SUMMONS without the COMPLAINT to the named person(s) at the address listed herein.

3. The SUMMONS came to hand this date, _____20_____. The within named_____ was not found in my bailiwick this date, _____, 20_____.
**ALL DONE IN _____COUNTY,_____.**

**SHERIFF OF _____COUNTY, _____**

**BY:** _____

### SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT, and all materials filed the same dated attached thereto were received by me at _____in _____, Indiana on this date, _____, 20_____.

Signature of Defendant _____

2